IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **7-ELEVEN, INC.**, a Texas corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. _____<br>) |
| **OSMAND MOHAMMED**, an individual | )<br>)<br>) |
| Defendant. | )<br>)<br>)<br>) |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND TRADEMARK DILUTION**

Plaintiff, 7-Eleven, Inc., complains against defendant, Osmand Mohammed d/b/a 7 FOOD, as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff, 7-Eleven, Inc. ("7-Eleven"), is a Texas corporation with its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

2. Defendant, Osmand Mohammed, upon information and belief, is an individual doing business as 7-FOOD with his principal place of business at 3555 Georgia Avenue NW, Washington, District of Columbia 20010, and is not a resident of Texas.

3. This Court has jurisdiction by virtue of the following facts: (1) this is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs,

jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

4. Venue is proper in the District of Columbia in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to this claim have occurred in this judicial district.

### COUNT I: TRADEMARK INFRINGEMENT

5. 7-Eleven realleges and incorporates paragraphs 1 through 4 of this Complaint herein.

6. Since long prior to the acts of the Defendant complained of herein, 7-Eleven, both directly and through licensees and franchisees, has been engaged in the business, *inter alia*, of offering convenience store services and products to the general public at various locations throughout the United States, including within this judicial district.

7. Since at least as early as 1946, long prior to the acts of Defendant complained of herein, 7-Eleven has provided its aforesaid convenience store services under the trade name and trademark 7-ELEVEN.

8. A primary display of 7-Eleven's 7-ELEVEN trademark, found upon, *inter alia*, store signage, is a multi-colored logo featuring a dominant Arabic numeral "7" having its vertical shank intersected by the word "ELEVEN" displayed in green block letters, all displayed against a white background ("7-ELEVEN Logo"), as depicted below:



4840-8588-5966.2

9. Since at least as early as February 1992, long prior to the acts of Defendant complained of herein, 7-Eleven has offered its aforesaid convenience store services under a multi-colored striped mark featuring orange and red stripes together with a thicker, center green stripe all upon a white background ("Tri-Striped Mark").  7-Eleven's Tri-Striped Mark is frequently displayed on, *inter alia*, store *fascia* flanking the 7-ELEVEN Logo, as depicted below:



10. Since long prior to the acts of the Defendant complained of herein, 7-Eleven annually has sold nationally billions of dollars of products and services under each of its aforesaid 7-ELEVEN name, mark, and logo, and Tri-Striped Mark, and has annually spent millions of dollars to advertise and promote those products and services nationally under the aforesaid 7-ELEVEN name, mark, and logo, and Tri-Striped Mark.

11. By virtue of the aforesaid extensive use, advertising, and promotion, each of 7-Eleven's aforesaid 7-ELEVEN name, mark, and logo, and the Tri-Striped Mark, has become famous and extremely well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven long before the Defendant commenced the acts complained of herein.

12. 7-Eleven has registered its aforesaid 7-ELEVEN mark and logo in the United States Patent and Trademark Office.  Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |

4840-8588-5966.2

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN logo] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| [7-ELEVEN logo] | 920,897 | 09/21/1971 | Retail grocery store services |
| [7-ELEVEN logo] | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| [7-ELEVEN logo] | 1,035,454 | 03/09/1976 | Sandwiches |
| [7-ELEVEN logo] | 1,288,594 | 08/07/1984 | Gasoline |
| [7-ELEVEN logo] | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |

4840-8588-5966.2

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-ELEVEN logo] | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| [7-ELEVEN logo] | 2,751,552 | 08/19/2003 | Clothing, namely caps; Sporting goods, namely golf balls |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts; Sporting goods, namely golf balls |
| [7-ELEVEN logo] | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| [7-ELEVEN logo with stripes] | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| [7-ELEVEN logo with stripes] | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven, and Reg. Nos. 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,152,472; 2,642,740;

5

2,685,684; 2,834,419; and 2,914,788 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).

13. 7-Eleven has registered its aforesaid Tri-Striped Mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
| --- | --- | --- | --- |
| Flanking Tri-Color Stripe Design | 2,135,385 | 02/10/1998 | Retail convenience store services |
| Tri-Color Stripe Design | 2,295,753 | 11/30/1999 | Retail gasoline station services |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven, and each are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b).

14. Since long prior to the acts of the Defendant complained of herein, 7-Eleven has owned an invaluable goodwill which is symbolized by each of its aforesaid trade identities, namely the 7-ELEVEN name, mark, and logo, and the Tri-Striped Mark, and the use of each of these trade identities substantially increases the value of 7-Eleven's 7-ELEVEN stores and the salability of the goods and services sold through them.

15. Long subsequent to the aforesaid acquisition of fame and secondary meaning of 7-Eleven's aforesaid trade identities, upon information and belief, defendant Mohammed commenced simulating the 7-ELEVEN name, mark, and logo by adopting and using the name and mark 7-FOOD for convenience store services, including as a multi-colored logo featuring a dominant Arabic numeral "7" having its vertical shank intersected by the word "FOOD" displayed in green block letters, all displayed against a white background ("7-FOOD Logo"), as depicted below:

4840-8588-5966.2



16. Defendant Mohammed also has displayed his 7-FOOD name, mark, and logo on his store *fascia* flanked by two tri-striped marks simulating 7-Eleven's Tri-Striped Mark. One tri-striped mark was painted directly on the building's bricks featuring two orange stripes together with a thicker green stripe in the center ("7-FOOD Tri-Striped Mark 1"), and one incorporated into a sign attached to the building also featuring an orange and green stripe ("7-FOOD Tri-Striped Mark 2"). Defendant's tri-striped marks are depicted below:



17. On or about May 15, 2007, 7-Eleven, through its counsel, demanded that Mohammed cease use of each of the 7-FOOD name, mark, and logo, 7-FOOD Tri-Striped Mark 1, and 7-FOOD Tri-Striped Mark 2.

18. On or about November 5, 2007, defendant Mohammed stated to 7-Eleven's counsel that he had changed his name and mark and related store signage.

19. On or about January 15, 2008, in order to confirm that he had changed his sign, defendant Mohammed forwarded photograph to 7-Eleven's counsel which depicted a blank, white rectangle where the 7-FOOD Logo had previously been displayed.

4840-8588-5966.2

20. Recently, 7-Eleven learned that defendant Mohammed has recommenced use of the 7-FOOD name, mark, and logo, and displays it in conjunction with a tri-striped mark ("7-FOOD Tri-Striped Mark 3").

21. Upon information and belief, defendant Mohammed adopted each of the 7-FOOD name, mark, and logo, 7-FOOD Tri-Striped Mark 1, 7-FOOD Tri-Striped Mark 2, and 7-FOOD Tri-Striped Mark 3 for convenience store services, in order to trade upon the fame and goodwill represented by 7-Eleven's aforesaid trade identities.

22. Defendant's use of each of the 7-FOOD name, mark, and logo, 7-FOOD Tri-Striped Mark 1, 7-FOOD Tri-Striped Mark 2, and 7-FOOD Tri-Striped Mark 3, falsely and deceptively represents that defendant Mohammed's convenience store services and products emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and defendant Mohammed's use is likely to cause confusion with 7-Eleven's use of its aforesaid famous 7-ELEVEN name, mark, and logo, and Tri-Striped Mark, or otherwise to cause deception or mistake as to source, sponsorship, or approval of defendant Mohammed's aforesaid convenience store services and products.

23. The aforesaid unauthorized use of each of defendant Mohammed's 7-FOOD name, mark, and logo, infringes 7-Eleven's federally-registered 7-ELEVEN mark and logo, in violation of the Lanham Act, 15 U.S.C. § 1114.

24. The aforesaid unauthorized use of each of defendant Mohammed's 7-FOOD Tri-Striped Mark 1, 7-FOOD Tri-Striped Mark 2, and 7-FOOD Tri-Striped Mark 3 infringes 7-Eleven's federally-registered Tri-Striped Mark, as well as certain of 7-Eleven's federally registered 7-ELEVEN marks, in violation the Lanham Act, 15 U.S.C. § 1114.

25. Defendants' aforesaid acts are greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven unless and until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II: UNFAIR COMPETITION

26. 7-Eleven realleges and incorporates paragraphs 1 through 11, 14 through 22, and 25 of this Complaint as if specifically set forth at length herein and made a part hereof.

27. The aforesaid unauthorized use of each of defendant Mohammed's 7-FOOD name, mark, and logo, 7-FOOD Tri-Striped Mark 1, 7-FOOD Tri-Striped Mark 2, and 7-FOOD Tri-Striped Mark 3, constitutes a misleading use of a word, term, name, symbol, trade dress, or device, or a combination thereof, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: TRADEMARK DILUTION

28. 7-Eleven realleges and incorporates paragraphs 1 through 11, 14 through 21, and 25 of this Complaint as if specifically set forth at length herein and made a part hereof.

29. Since long prior to the acts of the Defendant complained of herein, each of 7-Eleven's aforesaid trade identities, namely the 7-ELEVEN name, mark, and logo, and the Tri-Striped Mark, became famous within the meaning of the Lanham Act, 15 U.S.C. § 1125(c)(2).

30. The aforesaid unauthorized use of each of defendant Mohammed's 7-FOOD name, mark, and logo, 7-FOOD Tri-Striped Mark 1, 7-FOOD Tri-Striped Mark 2, and 7-FOOD Tri-Striped Mark 3, dilutes the distinctiveness of 7-Eleven's 7-ELEVEN name, mark, and logo, and Tri-Striped Mark, respectively, in violation of the Lanham Act, 15 U.S.C. § 1125(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 7-Eleven, Inc. demands judgment against defendant, Osmand Mohammed, that:

4840-8588-5966.2

1. Defendant Osmand Mohammed, and each and any of his partners, agents, servants, employees, and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

    a. using each of the 7-FOOD name, mark, or logo for convenience stores or related products or services;

    b. using each of the 7-FOOD Tri-Striped Mark 1, 7-FOOD Tri-Striped Mark 2, and 7-FOOD Tri-Striped Mark 3 for convenience stores or related products or services;

    c. using any name, mark, or logo consisting in whole or in part of the numerals "7" or "11" or the words "seven" or "eleven" for convenience stores or related products or services;

    d. using any other name, mark, logo, or trade dress displayed in any color combination, with or without additional colors, which includes in combination two or more of the colors red, green, orange, and white for convenience store or related products or services;

    e. using any other mark, logo, or trade dress displayed in any color combination, which features horizontal stripes for convenience store or related products or services;

    f. using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, or logo, or Tri-Striped Mark, for convenience stores or related products or services;

    g. doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant, his services, or products emanate from 7-Eleven or are connected with, sponsored by, or approved by 7-Eleven;

4840-8588-5966.2

  h.  doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's trade identities including the 7-ELEVEN name, mark, or logo, or Tri-Striped Mark; and

  i.  aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (h) above.

  2. Defendant Osmand Mohammed be required, in accordance with 15 U.S.C. § 1117(a), to pay to 7-Eleven three times such damages as 7-Eleven has suffered as a result of Defendant's acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by Defendant from such acts, and 7-Eleven's costs, including reasonable attorney's fees;

  3. Defendant Osmand Mohammed be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its, his or their possession bearing any of the 7-FOOD name, mark, and logo, 7-FOOD Tri-Striped Mark 1, 7-FOOD Tri-Striped Mark 2, and 7-FOOD Tri-Striped Mark 3, or any other reproduction, counterfeit copy or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, or logo, or Tri-Striped Mark, and all plates, models, matrices, and other means of making same.

  4. Defendant Osmand Mohammed, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon 7-Eleven, a report in writing, under oath, setting forth in detail the manner and form in which defendant has complied with the terms of any injunction entered by this Court.

  5. 7-Eleven have such other and further relief as the Court deems just and equitable.

4840-8588-5966.2

Dated: January 31, 2012

Craig S. Fochler
Andrew M. Gross
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, Illinois 60654
Telephone: 312-832-4500
Facsimile: 312-832-4700

OF COUNSEL

Respectfully submitted,

*/s/ Marilee L. Miller*

Marilee L. Miller (988458)
FOLEY & LARDNER LLP
3000 K Street N.W., Suite 600
Washington, DC 20007-5109
Telephone: 202-672-5300
Facsimile: 202-672-5399

Attorneys for Plaintiff,
7-Eleven, Inc.